Justice KITTREDGE.
I concur in result. In my judgment, the admission of the autopsy photographs was clear error. The primary, if not sole, purpose of these horrific photographs was to inflame the passions of the jury. The detailed and graphic testimony of the pathologist was more than sufficient to enable the State to establish the elements of the offense. I agree with Justice Pleicones that these challenged photographs far exceed “the outer limits of what our law permits a jury to consider.” State v. Torres, 390 S.C. 618, 624, 703 S.E.2d 226, 229 (2010). I fully understand that there are circumstances where autopsy photographs are relevant and that the relevance of the photographs is not substantially outweighed by the danger of unfair prejudice. See Rules 402, 403, SCRE. But this is not such a case. I nevertheless believe the error was harmless for the reasons set forth in the majority opinion. I note this case was tried in 2009, prior to our decision in Torres, where we expressed our concern over the State’s seeming practice of seeking admission of highly prejudicial and inflammatory autopsy photographs.
HEARN, J., concurs.